IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| WILLIAM & JOYCE CUMMINGS<br><br>Plaintiffs,<br>v.<br><br>THE UNITED STATES OF AMERICA,<br><br>Defendant. | Civil Action No. 09-12199 |

## COMPLAINT

Plaintiffs, William & Joyce Cummings, by their undersigned attorneys, bring this action against Defendant, the United States of America, for the refund of federal income taxes and related interest due and owing to Plaintiffs for their tax years ended December 31, 2001, December 31, 2002, and December 31, 2003.

## NATURE OF THE ACTION

1. Plaintiffs seek the recovery of federal income taxes erroneously and illegally collected by Defendant for Plaintiffs' tax years ended December 31, 2001, December 31, 2002, and December 31, 2003 along with interest as provided by law. Plaintiffs are entitled to such recovery because of their right to additional deductions in those years pursuant to section 164(a) of the Internal Revenue Code of 1986, as amended (the "Code"), 26 U.S.C. § 164(a), for the payment of property taxes that were abated pursuant to a tax increment financing agreement (the "TIF Agreement") entered into by Beverly Commerce Park, Inc., and the City of Beverly, Massachusetts (the "City"), on December 10, 1996.

- 2 -

## PARTIES AND JURISDICTION

2.     Plaintiffs, husband and wife, are citizens of the United States and residents of the Commonwealth of Massachusetts, with their principal residence at 9 Salisbury Street, Winchester, MA 01890, which is within this district pursuant to 28 U.S.C. §1391(e).

3.     The Defendant is the United States of America.

4.     Subject matter jurisdiction over Plaintiffs claims is conferred upon this Court by 28 U.S.C. §§ 1340 and 1346(a)(1) and 26 U.S.C. § 7422.

5.     Plaintiffs timely filed a joint individual federal income tax return with the Internal Revenue Service (the "IRS") for each of the tax years ended December 31, 2001, December 31, 2002, and December 31, 2003.

6.     On July 31, 2006, Plaintiffs timely filed with the IRS an IRS Form 1040X, Amended U.S. Individual Income Tax Return, for each of their tax years ended December 31, 2001 (the "2001 Refund Claim"), December 31, 2002 (the "2002 Refund Claim"), and December 31, 2003 (the "2003 Refund Claim").

7.     The 2001 Refund Claim requested a refund of $507,988.

8.     The 2002 Refund Claim requested a refund of $51,729.

9.     The 2003 Refund Claim requested a refund of $260,601.

10.    By letter dated March 18, 2009 (the "Formal Notice of Claim Disallowance"), the IRS formally disallowed the 2001 Refund Claim, the 2002 Refund Claim, and the 2003 Refund Claim (collectively the "Refund Claims").

11.     As a result of the IRS's disallowance of the Refund Claims, Plaintiffs have overpaid their federal income taxes for the tax years ended December 31, 2001, December 31, 2002, and December 31, 2003. Plaintiffs are entitled to a refund of such overpayments of tax plus interest thereon as provided by law

12.     More than six months have elapsed since the date Plaintiffs filed the Refund Claims, and less than two years have elapsed since the date of the Formal Notice of Claim Disallowance.

## STATEMENT OF FACTS

13.     At all times relevant to this Complaint, Plaintiff William Cummings ("Cummings") was the sole shareholder of Beverly Commerce Park Trust, a business trust organized under the laws of the Commonwealth of Massachusetts.

14.     At all times relevant to this Complaint, Beverly Commerce Park Trust was an "S Corporation" within the meaning of section 1361(a)(1) of the Code, 26 U.S.C. § 1361(a)(1).

15.     At all times relevant to this Complaint, Beverly Commerce Park Trust filed its U.S. federal tax return on a calendar-year basis.

16.     At all times relevant to this Complaint, Beverly Commerce Park Trust was the sole shareholder of Beverly Commerce Park, Inc. ("BCP").

17.     At all times relevant to this Complaint, BCP qualified as a "qualified subchapter S subsidiary" within the meaning of section 1361(b)(3)(B) of the Code, 26 U.S.C. § 1361(b)(3)(B).

18.     At all times relevant to this Complaint, BCP owned certain real property and improvements thereon located in the City known as the "Cummings Center."

19.   At all times relevant to this Complaint, the City's fiscal year for property tax purposes began on July 1 of the preceding year and ended on June 30.

20.   On December 10, 1996, BCP and the City entered into the TIF Agreement, pursuant to which the City granted BCP a property tax exemption (the "Tax Exemption") with respect to the Cummings Center for the 10-year period commencing in the City's fiscal year 1997.

21.   Pursuant to the TIF Agreement, the Tax Exemption for each of the City's fiscal years was conditioned upon BCP having met certain requirements set forth in the TIF Agreement (the "Conditions for Exemption"), including, but not limited to, the creation of jobs at the Cummings Center and the investment of cash in improvements at the Cummings Center.

22.   Pursuant to the TIF Agreement, in order for the City to determine whether BCP had satisfied the Conditions for Exemption entitling it to the Tax Exemption for each of the City's fiscal years, BCP was required to submit an annual report by June 30 of each of the City's fiscal years (the "Required Annual Report").

23.   As a result of the requirement to file a Required Annual Report, all of the requirements of the TIF Agreement entitling BCP to the Tax Exemption for the City's fiscal year were not satisfied as of the end of each of Beverly Commerce Park Trust's tax years ended December 31, 2001, December 31, 2002, and December 31, 2003.

24.   For Beverly Commerce Park Trust's tax year ended December 31, 2001, BCP's gross property tax liability to the City was $2,041,500, the amount of the Tax Exemption was $1,844,448, and BCP remitted the difference, $197,052, to the City.

25. For Beverly Commerce Park Trust's tax year ended December 31, 2002, BCP's gross property tax liability to the City was $2,064,950, the amount of the Tax Exemption was $236,529, and BCP remitted the difference, $1,828,421, to the City.

26. For Beverly Commerce Park Trust's tax year ended December 31, 2003, BCP's gross property tax liability to the City was $1,802,560, the amount of the Tax Exemption was $1,141,257, and BCP remitted the difference, $661,303, to the City.

27. Beverly Commerce Park Trust timely filed IRS Forms 1120S, U.S. Income Tax Return for an S Corporation for each of the tax years ended December 31, 2001, December 31, 2002, and December 31, 2003, claiming, among other things, a deduction under section 164(a), 26 U.S.C. § 164(a), for the net amounts described in paragraphs 24-26 above that were remitted to the City.

28. Beverly Commerce Park Trust timely filed amended IRS Forms 1120S claiming additional deductions under section 164(a), 26 U.S.C. § 164(a) on or about July 31, 2006, for each of the tax years ended December 31, 2001, December 31, 2002, and December 31, 2003 for the amount of the Tax Exemption, i.e., the excess of BCP's gross property tax liability for the tax year over the net amounts described in paragraphs 24-26 above that were remitted to the City.

## COUNT 1

29. Plaintiffs hereby incorporate each and every allegation of fact and law set forth in paragraphs 1 through 28 of this Complaint.

30. Pursuant to section 164(a) of the Code, 26 U.S.C. § 164(a), Beverly Commerce Park Trust is entitled to a deduction for BCP's gross property tax liability to the City for the tax year ended December 31, 2001.

31. Plaintiffs have overpaid their federal income taxes for the tax year ended December 31, 2001, and are entitled to recover from Defendant the amount of such overpayment or such other amount as established by the facts and law; a refund or abatement of interest assessed or paid under section 6601 of the Code, 26 U.S.C. 6601, on any underpayment that is reduced or eliminated by the overpayment; the elimination of interest on overlapping periods of tax overpayments and underpayments under section 6621(d) of the Code, 26 U.S.C. § 6621(d); and statutory interest under section 6611 of the Code, 26 U.S.C. § 6611, as allowable by law.

## COUNT 2

32. Plaintiffs hereby incorporate each and every allegation of fact and law set forth in paragraphs 1 through 31 of this Complaint.

33. Pursuant to section 164(a) of the Code, 26 U.S.C. § 164(a), Beverly Commerce Park Trust is entitled to a deduction for BCP's gross property tax liability to the City for the tax year ended December 31, 2002.

34. Plaintiffs have overpaid their federal income taxes for the tax year ended December 31, 2002, and are entitled to recover from Defendant the amount of such overpayment or such other amount as established by the facts and law; a refund or abatement of interest

assessed or paid under section 6601 of the Code, 26 U.S.C. 6601, on any underpayment that is reduced or eliminated by the overpayment; the elimination of interest on overlapping periods of tax overpayments and underpayments under section 6621(d) of the Code, 26 U.S.C. § 6621(d); and statutory interest under section 6611 of the Code, 26 U.S.C. § 6611, as allowable by law.

## **COUNT 3**

35.     Plaintiffs hereby incorporate each and every allegation of fact and law set forth in paragraphs 1 through 34 of this Complaint.

36.     Pursuant to section 164(a) of the Code, 26 U.S.C. § 164(a), Beverly Commerce Park Trust is entitled to a deduction for BCP's gross property tax liability to the City for the tax year ended December 31, 2003.

37.     Plaintiffs have overpaid their federal income taxes for the tax year ended December 31, 2003, and are entitled to recover from Defendant the amount of such overpayment or such other amount as established by the facts and law; a refund or abatement of interest assessed or paid under section 6601 of the Code, 26 U.S.C. 6601, on any underpayment that is reduced or eliminated by the overpayment; the elimination of interest on overlapping periods of tax overpayments and underpayments under section 6621(d) of the Code, 26 U.S.C. § 6621(d); and statutory interest under section 6611 of the Code, 26 U.S.C. § 6611, as allowable by law.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs demand:

1. Judgment declaring that:

   a. Beverly Commerce Park Trust is entitled to deduct the amount of $2,041,500 under section 164(a) of the Code, 26 U.S.C. § 164(a), for its tax year ended December 31, 2001,

   b. Beverly Commerce Park Trust is entitled to deduct the amount of $2,064,950 under section 164(a) of the Code, 26 U.S.C. § 164(a), for its tax year ended December 31, 2002, and

   c. Beverly Commerce Park Trust is entitled to deduct the amount of $1,802,560 under section 164(a) of the Code, 26 U.S.C. § 164(a), for its tax year ended December 31, 2003;

2. Judgment awarding Plaintiffs:

   a. $507,988, for the tax year ended December 31, 2001, or such greater amount as may be legally allowable; the elimination of interest on overlapping periods of tax overpayments and underpayments under section 6621(d) of the Code, 26 U.S.C. § 6621(d); and statutory interest under section 6611 of the Code, 26 U.S.C. § 6611, as allowable by law,

   b. $51,729, for the tax year ended December 31, 2002, or such greater amount as may be legally allowable; the elimination of interest on overlapping periods of tax overpayments and underpayments under section 6621(d) of the Code, 26 U.S.C. § 6621(d); and statutory interest under section 6611 of the Code, 26 U.S.C. § 6611, as allowable by law, and

- 9 -

     c.     $260,601, for the tax year ended December 31, 2003, or such greater amount as may be legally allowable; the elimination of interest on overlapping periods of tax overpayments and underpayments under section 6621(d) of the Code, 26 U.S.C. § 6621(d); and statutory interest under section 6611 of the Code, 26 U.S.C. § 6611, as allowable by law;

     d.     the costs of this action; and

     e.     such other and further relief as this Court deems appropriate.

Dated: December 28, 2009

Respectfully Submitted,

**/s/ Joseph H. Selby**
Joseph H. Selby (BBO# 643275)
McDermott Will & Emery LLP
28 State Street
Boston, Massachusetts 02109-1775
Telephone: (617) 535-4000
Fax: (617) 535-3800
Email: jselby@mwe.com